# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

RAMSEY CLARK                                                         PLAINTIFF

v.                                     CIVIL ACTION NO. 2:18-cv-109-KS-MTP

**LARD OIL COMPANY, INC. and**
**ACM TRANSPORTATION LLC**                            **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Strike Supplemental Expert Report [123]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion should be granted in part and denied in part.

## BACKGROUND

This action arises out of an automobile accident caused by Darrell Extine, an employee of Defendant ACM Transportation, LLC. Plaintiff alleges that Extine, a nonparty, was operating a tanker truck owned by Defendant Lard Oil Company, Inc, when he struck several vehicles, including one operated by Plaintiff.

On September 12, 2018, the Court entered a Case Management Order [11], which set case deadlines. On January 16, 2019, the Court extended the expert designation deadlines. *See* Order [36]. On March 21, 2019, the Court again extended Defendants' expert designation deadline and extended the discovery and motions deadlines. *See* Order [46]. Pursuant to the Court's Orders [11] [36] [46], Plaintiff's expert designation deadline ran on March 1, 2019; Defendants' expert designation deadline ran on May 1, 2019; the discovery deadline ran on June 3, 2019; and the motions deadline ran on June 10, 2019.

On March 1, 2019, Plaintiff designated Jason Walton as an expert witness. *See* Notice [40]. In his report, Walton concluded as follows:

1

> [I]t is my opinion that the sole proximate cause of this chain reaction collision is due to the actions or inactions of the driver of the ACM Hino, Darrell Extine. Mr. Extine failed to maintain a proper lookout, failed to maintain proper control of his vehicle, and was following too close. Mr. Extine possessed the needed time and distance to avoid this collision but did not utilize this time and distance. This collision was avoidable had Mr. Extine allowed the appropriate distance from the vehicle ahead of him and maintained a proper lookout for traffic ahead.

*See* Walton Report [123-5] at 12.

On April 2, 2019, Plaintiff noticed the 30(b)(6) depositions of ACM Transportation and Lard Oil for May 7, 2019. *See* Notices [57] [58]. Following discussions between the parties, these depositions were rescheduled for May 16, 2019. *See* Notices [66] [70]. On May 16, 2019, Plaintiff deposed the 30(b)(6) representatives, Johnny Milazzo and Brenda Adams. Just prior to the depositions, Defendants produced to Plaintiff documents, which included a statement written by Extine. Extine described the accident and stated the he "looked off to right [and] when [he] turned back around, traffic ahead had stopped." *See* Extine Statement [132-3]. Extine also stated that he had no time to hit the brakes. *Id*.

The discovery deadline ran on June 3, 2019. Nevertheless, on July 1, 2019, Plaintiff filed a supplemental expert report prepared by Jason Walton. *See* Notice [112]. In the supplemental report, Walton considered Extine's written statement and the depositions of Milazzo and Adams. Unlike the original report, the supplemental report contains Walton's opinions that (1) Extine acted recklessly by diverting his attention away from the roadway for an extended period of time and (2) proper training of Extine as to the operation of a vehicle could have helped prevent the collisions, and AMC Transportation failed to show it properly trained Extine. *See* Walton Supplemental Report [123-6]. On July 15, 2019, Defendants filed the instant Motion to Strike [123], arguing that the supplemental report should be stricken as untimely.[1]

---

[1] Defendants state that the supplemental report should not be characterized as a supplement because it addresses an entirely new theory of damages, punitive damages.

2

## ANALYSIS

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosures as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L. U. Civ. R. 26(a)(2). However, "[t]he parties must supplement these disclosures when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(E). Pursuant to the Local Rules, "[a] party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later than the discovery deadline established by the case management order." L. U. Civ. R. 26(a)(5).

As previously mentioned, Plaintiff's expert designation deadline ran on March 1, 2019, and the discovery deadline ran on June 3, 2019. Thus, whether characterized as new report or as a supplement, Walton's supplemental report was untimely.

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether to exclude an expert that was not properly and timely designated, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witness to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *see also Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

The Court will first address Plaintiff's explanation for his failure to timely disclose Walton's supplemental expert report. Plaintiff points out he requested, via written discovery served on November 14, 2018, that Defendants identify and produce any statements taken from any party or witness, but Defendants denied they possessed any such statements. *See* Discovery Responses [132-1] at 6-7; [132-2] at 3. More than six months later, however, Defendants produced Extine's written statement concerning the accident. After reviewing the statement, Walton concluded that Extine acted recklessly by diverting his attention away from the roadway for an extended period of time.

The Court notes that Plaintiff could have acted more diligently in disclosing the supplemental report. Plaintiff received Extine's statement on May 16, 2019, but did not disclose the supplemental report until July 1, 2019. The Court, however, will not ignore the fact that Defendants produced important information on May 16, 2019, despite the fact such information was requested in November of 2018. Plaintiff has provided a reasonable justification for the late supplementation of Walton's report with information concerning the recklessness of Extine's actions.

Plaintiff, however, has failed to provide a reasonable justification for the late supplementation of Walton's report with information concerning the training Extine received. Extine's written statement did not provide information concerning his training. Instead, Plaintiff purportedly gleaned information about training during the depositions of Milazzo and Adams.

The Court entered its Case Management Order on September 12, 2018, but Plaintiff waited nearly seven months—until April 2, 2019—to notice the Defendants' 30(b)(6) depositions. *See* Notices [57] [58]. Plaintiff alleges that he requested deposition dates from Defendants several times prior to April 2, 2019. However, Defendants dispute this allegation, and the record does not support the allegation. Defendants assert that they first learned of

Plaintiff's desire to take 30(b)(6) depositions when they were noticed on April 2, 2019. This assertion is supported by Defendants' April 2, 2019, email to Plaintiff, which states as follows: "I can probably participate on this date but the deposition will take place in East Baton Rouge Parish in Louisiana. I will have to confirm my client's availability before we can agree to the date. It might be nice to ask for dates first next time." *See* Email [132-7] at 1.

Thus, the record demonstrates that Plaintiff waited until late in the discovery period—more than a month after his expert designation deadline—to request 30(b)(6) depositions. Moreover, when Plaintiff took the depositions on May 16, 2019, the discovery deadline was only eighteen day out, but there is no indication that Plaintiff acted expeditiously to supplement Walton's report. Plaintiff also failed to seek an extension of the discovery deadline or seek leave to submit the supplemental report out of time.

Regarding the importance of the supplemental report, the parties are not in agreement. Plaintiff argues that the report offers essential elements to proving his punitive damages claim and is the strongest evidence of Extine's recklessness. On the other hand, Defendants argue that the information is not relevant.

Defendants also argue that they will suffer prejudice if the supplemental report is not stricken as the pretrial conference is set for September 12, 2019, and they would be forced to defend against a new theory of damages. Plaintiff counters by pointing out that Defendants have been aware of his punitive damages claim since they received his complaint.

Plaintiff and Defendant agree—albeit for different reasons—that a continuance is not the best option for this case. Defendants argue that the trial should not be delayed as the subject accident occurred over three year ago and they are prepared for trial. Defendants also argue that, as an alternative to striking the supplemental report, the Court should grant them leave to file a

*Daubert* motion challenging the report.  Plaintiff argues that Defendants should have sought to depose Walton and that any delay would be the result of Defendants' inaction.

Having considered the factors set forth by the Fifth Circuit in *Sierra Club*, the Court finds that the Motion to Strike [123] should be granted in part and denied in part.  Specifically, those portions of Walton's supplemental report which concern the training Extine received should be stricken.  As to the remainder of the supplemental report, the Court finds that the Motion to Strike should be denied.  The Court also find that Defendants should be given an opportunity to challenge the supplemental report via a *Daubert* motion.  Given that the pretrial conference in this case is set for September 12, 2019, the Court will set an expedited briefing schedule for any *Daubert* motion challenging the supplemental report.

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion to Strike Supplemental Expert Report [123] is GRANTED in part and DENIED in part as set forth herein.

2. The deadline for Defendants to file a *Daubert* motion challenging the remainder of Jason Walton's supplemental report is August 26, 2019.  Any response must be filed on or before September 3, 2019.  Any reply must be filed on September 6, 2019.

SO ORDERED this the 21st day of August, 2019.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE