# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

RAMSEY CLARK                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 2:18-cv-109-KS-MTP

LARD OIL COMPANY, INC. and
ACM TRANSPORTATION LLC                                        DEFENDANTS

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Strike Supplemental Expert Designation [115]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion should be granted.

## BACKGROUND

This action arises out of an automobile accident caused by Darrell Extine, an employee of Defendant ACM Transportation, LLC. Plaintiff alleges that Extine, a nonparty, was operating a tanker truck owned by Defendant Lard Oil Company, Inc, when he struck several vehicles, including one operated by Plaintiff.

On September 12, 2018, the Court entered a Case Management Order [11], which set case deadlines. On January 16, 2019, the Court extended the expert designation deadlines. *See* Order [36]. On March 21, 2019, the Court again extended Defendants' expert designation deadline and extended the discovery and motions deadlines. *See* Order [46]. Pursuant to the Court's Orders [11] [36] [46], Plaintiff's expert designation deadline ran on March 1, 2019; Defendants' expert designation deadline ran on May 1, 2019; the discovery deadline ran on June 3, 2019; and the motions deadline ran on June 10, 2019.

1

On October 4, 2017, before this action was filed, Dr. Bill Brister, an economist, created a report for Plaintiff. *See* 2017 Brister Report [90-2]. Plaintiff provided this report to Defendants before this action was filed. In this report, Brister calculated Plaintiff's lost earnings after assuming that (1) Plaintiff "suffered a significant reduction in earning capacity as the result of injuries incurred on June 6, 2016" and (2) "this reduction in earning capacity will continue throughout the remainder of his work life expectancy." *Id*.

After reviewing Plaintiff's 2018 earnings data, Plaintiff determined that the 2017 report was inaccurate, as it appeared that the reduction in earnings assumed in the report did not manifest in 2018. Instead, it appeared that Plaintiff's earnings had increased. Plaintiff explains that the report "appeared inaccurate because the wage losses assumed in the 2017 model did not appear to manifest themselves in 2018[, and] [i]t was no longer accurate because new types of past and future economic losses had either arisen or been described in the interim." *See* Response [127] at 4-5.

Thus, on February 28, 2019,[1] Brister created another report for Plaintiff. *See* 2019 Brister Report [90-1]. According to Brister, the new report served as "a revision of the lost earnings estimates given in [the] previous report." [90-1] at 1. In the 2019 report, Brister calculated Plaintiff's lost earnings based on a 15% reduction in earning capacity. According to Brister, the 15% loss of earning capacity was based on the fact that Plaintiff's employer hired an assistant to aid Plaintiff and paid the assistant 15% of Plaintiff's commissions. [90-1] at 3.

On March 1, 2019, Plaintiff designated Brister as an expert witness and disclosed the 2019 report. *See* Notice [40]. The discovery deadline ran on June 3, 2019. Nevertheless, on July

---

[1] The report is actually dated February 28, 2018, but during his deposition, Brister clarified that the date was incorrect and the report was created in 2019.

1, 2019, Plaintiff filed a supplemental designation stating that Brister will testify to the opinions expressed in both his 2017 report and his 2019 report. *See* Supplemental Designation [112-1]. On July 5, 2019, Defendants filed the instant Motion to Strike [115], arguing that Plaintiff's supplemental designation should be stricken as untimely.

**ANALYSIS**

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosures as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L. U. Civ. R. 26(a)(2). However, "[t]he parties must supplement these disclosures when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(E). Pursuant to the Local Rules, "[a] party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later than the discovery deadline established by the case management order." L. U. Civ. R. 26(a)(5).

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether to exclude an expert that was not properly and timely designated, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witness to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

3

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *see also Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

In his Response [127], Plaintiff argues that the supplemental expert designation was not actually a supplement but "an affirmation of opinions previously expressed." The Court, however, finds that Plaintiff's "supplemental designation" was—as its title suggests—a supplementation. Plaintiff's March 1, 2019, designation did not notify Defendants that the two reports created by Brister were meant to be considered in tandem. Plaintiff admits that the 2019 report was created because he believed the 2017 report was not accurate. The 2017 report utilizes a completely different methodology for calculating Plaintiff's lost earnings than does the 2019 report. Additionally, in the 2019 report, Brister specifically stated that the report served as a "revision of the lost earnings estimates" provided in the 2017 report. *See* [90-1] at 1.

As Plaintiff failed to supplement his expert designation by the discovery deadline (June 3, 2019), the Court must determine whether to exclude the supplemental expert designation pursuant to Rule 37(c)(1). The Court will first address Plaintiff's explanation for his failure to timely supplement his expert designation. As previously mentioned, Plaintiff had the 2019 report created because he determined that the 2017 was in accurate, as it appeared that the losses assumed in the 2017 report did not manifest in 2018. Plaintiff asserts that during the deposition of his own employer on May 1, 2019, he realized that a portion of his 2018 wage increase was not earnings but a temporary subsidy. Plaintiff argues that, given this information, the 2017 report may be accurate and should be considered.

Information concerning Plaintiff's *own* earnings was available to him at any time. The Court entered its Case Management Order on September 12, 2018, but Plaintiff did not take his

4

own employer's deposition until near the discovery deadline. Additionally, Plaintiff does not explain why he failed to scrutinize his earnings prior to the deposition of his employer. Moreover, there is no indication that after Plaintiff took the deposition on May 1, 2019, he acted expeditiously to submit a supplemental designation. Plaintiff also failed to seek an extension of the discovery deadline or seek leave to submit the supplementation out of time. Plaintiff has failed to provide a reasonable justification for the late supplementation.

Concerning the importance of the supplementation, Plaintiff admits that "the application of the 2017 model is still only speculative because there isn't sufficient data available yet to determine whether his lost income is exceeding his mitigation costs . . . ." [127] at 2. Thus, Plaintiff is unsure whether he has suffered damages as a result of a reduction in earning capacity as described in the 2017 report.

Defendants argue that they will suffer prejudice if the supplemental designation is not stricken as the pretrial conference is set for September 12, 2019, and they would be forced to defend against two separate reports that are based on two separate theories of damages. Defendants point out that they filed a Motion to Exclude Brister's Expert Opinion [90], assuming that Plaintiff was solely relying on the 2019 report. A continuance would mitigate the prejudice suffered by Defendants, but the record does not support a continuance. The Court notes when other factors support exclusion, the Court is not obligated to continue the trial setting. "Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883-84 (5th Cir. 2004). Having considered the factors set forth by the Fifth Circuit in *Sierra Club*, the Court finds that the Motion to Strike [115] should be granted.

IT IS, THEREFORE, ORDERED that Defendants' Motion to Strike Supplemental Expert Designation [115] is GRANTED.

SO ORDERED this the 27th day of August, 2019.

                                           s/Michael T. Parker
                                           UNITED STATES MAGISTRATE JUDGE