# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**RAMSAY CLARK,**

    **PLAINTIFF**

v.      CIVIL ACTION NO. 2:18-cv-00109-KS-MTP

**LARD OIL COMPANY, INC.
and ACM TRANSPORTATION, LLC
and JOHN DOES 1-10,**

    **DEFENDANTS.**

_____ /

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on the Motion to Exclude Expert Opinions of Dr. Dinesh Goel [84] filed by Defendants, Lard Oil Company, Inc. and ACM Transportation, LLC, wherein Defendants argue that Dr. Goel's opinions should be excluded pursuant to Federal Rule of Evidence 702 and the standard for the admissibility of expert testimony articulated in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Plaintiff has responded [98, 99], and Defendants replied [109]. Having reviewed the parties' submissions, the relevant legal authority, and otherwise being fully advised in the premises, the Court finds the motion will be denied.

## I. BACKGROUND

### A. Pertinent Facts

This action arises out of an automobile accident involving a tanker truck driven by an employee of ACM Transportation who caused a four-car pileup on Old Highway 11 in Hattiesburg, Mississippi. Dr. Dinesh Goel was retained to make an examination of Plaintiff before suit was filed in order to treat, if necessary, or otherwise to make a report on the condition

of the Plaintiff for settlement purposes. [98] at p. 1. Dr. Goel has been in practice for 43 years. [84-5] 7:15-18. He was trained as a general surgeon, but twenty years ago he began practicing family medicine and sees patients on a regular basis for general medical conditions. [84-5] 7:23-8:7. He characterized his expertise as general medicine with emphasis on soft tissue trauma. [84-5] 46:14-18.

Dr. Goel saw Plaintiff on three occasions: September 18, 2017, November 9, 2017; and November 30, 2017. [84-5] 9:18-19; 17:14-16; 9:6-17. During the first visit, Dr. Goel took Plaintiff's oral history. [84-5] 9:18-11:4. During the second visit, Dr. Goel ordered MRIs be conducted on the head, left elbow, and lumbar spine, and the MRIs were taken. [84-5] 18:6-19:3. Dr. Goel testified that "the MRI of the left elbow revealed a torn—partially torn biceps tendon, which is very important tendon. And—the left—the lumbar spine showed bulging disks as in the CT scan, but it also showed some narrow foramina. The bulging disk was causing some pressure on the nerves at the exiting, but they were small, so it was not that bad because it was not enough to cause symptoms going down the leg. Just localized symptoms." [84-5] 19:15-23.

Upon the final visit, Dr. Goel drafted a document dated September 30, 2017 titled Follow Up Visit/Expert letter,[1] in which states, among other things, that "Patient [Plaintiff] is advised not to lift more than 20 pounds because he has multiple herniated disc [sic] in the neck and bulging discs with pain in the lower back and if he does the discs will herniate further and it will get worse." [85-5] 9:12-17; [84-1] at p. 2. Dr. Bruce Brawner utilized Dr. Goel's weightlifting restriction, along with those of Dr. David Lee and Dr. Howard Katz, to come up with three

---

[1] The majority of the "Expert Letter," which was attached as an exhibit to the motion, was redacted. *See* [84-1].

alternative scenarios when opining about future employment and lost wages and loss of household services. [84-2] at pp. 2, 6, 8.

Dr. Goel was not listed as a retained, testifying expert in Plaintiff's expert disclosure. [98-1]. Plaintiff stated in his designations that he "may call any medical provider from any admissible bill ore record not as retained experts, and if called they are expected to testify as to the opinions on their diagnosis, prognosis, and all medical opinions and information contained in the Plaintiff's medical records, including the cause, nature, duration, and extent of the Plaintiff's injuries including future medical needs. Expert testimony may be contained in the records themselves." *Id*. ¶ 5.

**B. Summary of Arguments and Relief Sought**

In this Motion, Defendants argue that Dr. Goel should not be allowed to offer opinions in this matter as to any neurologic and orthopedic conditions, including causation of the same and specifically with regard to a weightlifting restriction because Dr. Goel is not qualified and his opinion is not reliable because it is premised on insufficient data and not based on sound methodology. [85] at pp. 6- 9. Defendants also seek to preclude any of Plaintiff's testifying experts, including Bruce Brawner, from relying on the opinions of Dr. Goel and request that the Court strike portions of Brawner's report(s) that rely on Dr. Goel's opinions. [85] at pp. 9-10.[2]

Plaintiff responds that he does not intend to offer Dr. Goel as an expert witness in this matter and it is not anticipated that he will provide expert testimony at trial. [98] at ¶ 4. Thus, Plaintiff urges that the motion is moot because there is no testimony to exclude. [98] at ¶ 6.

---

[2] To the extent Bruce Brawner relied on Dr. Goel's opinion on the weightlifting restriction, the Court will deal with Defendants' request to exclude Brawner's opinions in that regard when the Court decides Defendants' separate Motion to Exclude the Expert Opinions of Bruce Brawner [86].

## II. DISCUSSION

As an initial matter, the Court finds it necessary to address the capacity and limitations on Dr. Goel's testimony in this case. The Court will then address the legal standard for determining whether an expert, in any capacity, should be allowed to testify as to certain opinions and apply those standards to the facts of this case.

### A. Dr. Goel's Testifying Capacity

Despite Plaintiff's admission that Dr. Goel was not disclosed as a retained, testifying expert and concession that he cannot offer "expert opinions" in this matter, Plaintiff later states that "as an examining/treating physician Dr. Goel may offer opinions as to his own examination and treatment." [99] at p. 3. Nowhere does Plaintiff state that Dr. Goel will not testify at all. Thus, it appears that Plaintiff may offer testimony from Dr. Goel, maybe not as a retained expert but as a treating physician.[3] Thus, the mere fact that Dr. Goel will not offer "retained expert testimony" does not result in mootness, however, because Dr. Goel is still an expert.

In this District at least, one difference between a specially retained expert and a treating physician lies in how they are disclosed.[4] As this Court has held a number of times, an expert report is not typically required for a treating physician under Federal Rule of Civil Procedure 26(a)(2)(B), only certain disclosures pursuant to Rule 26(a)(2)(C). *See, e.g., McElveen v. Wal-Mart Stores, Inc.*, No. 2:17-cv-90-KS-MTP, 2019 WL 638371, at *2 (S.D. Miss. Feb. 14, 2019); *Jordan v. Wayne County*, NO. 2:16-CV-70-KS-MTP, 2017 U.S. Dist. LEXIS 108405

---

[3] It becomes unclear again in Plaintiff's response to Defendants' Motion to Exclude Expert Opinions of Bruce Brawner [125] whether Dr. Goel will offer live testimony or whether his sole purpose is for Brawner to rely on his treatment notes and Expert Letter opinion. [125] pp. 6-7.

[4] "Experts are retained for purposes of trial and their opinions are based on knowledge acquired or developed in anticipation of litigation or for trial. A treating physician's testimony, however, is based on the physicians [sic] personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources." *Mangala v. Univ. of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996).

(S.D. Miss. Jul.13, 2017); *Barnett v. Deere & Co.*, 2:15-cv-2-KS-MTP, 2016 WL 4735312 at *1 (S.D. Miss. Sept. 11, 2016); *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008); *see also* Rule 26 Advisory Committee Notes re: 1993 Amendment, Subdivision a, Paragraph 2. Thus, while Dr. Goel may not have been required to produce a report, he is still an expert subject to disclosure under the Rules. *See Edna Tajonera, v. Black Elk Energy Offshore Operations, LLC*, No. 13-0366, 2016 WL 3180776, at *7 (E.D. La. June 7, 2016). Thus, Plaintiff's contention that Dr. Goel is not a testifying expert *or any other kind of expert* in this case, [99] at p. 1, is simply incorrect.[5]

Another difference between a retained expert and a treating physician is to what they can testify. "Experts are retained for purposes of trial and their opinions are based on knowledge acquired or developed in anticipation of litigation or for trial. A treating physician's testimony, however, is based on the physicians [sic] personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources." *Mangala v. Univ. of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996). In this District, a treating physician's "testimony is limited to those facts and opinions in [his/her] disclosed medical records." *Jordan*, 2017 U.S. Dist. LEXIS 108405 (citing this Court's prior holding in *Barnett v. Deere & Co.*, 2:15-cv-2-KS-MTP, 2016 WL 4735312 at *1 (S.D. Miss. Sept. 11, 2016)).

Therefore, while Dr. Goel may testify as a treating physician, and not a retained expert who will offer opinions based on outside information, and even though he may offer opinions only disclosed in his medical records, he is still an expert subject to the analysis of Rule 702 and

---

[5] Plaintiff did not respond to any of Defendants' substantive arguments, and the Court cautions against not doing so in the future. However, because this motion is intertwined with the Defendants' motion regarding Bruce Brawner's testimony, the Court was able to glean some substantive arguments relating to Dr. Goel in Plaintiff's memorandum in opposition to that motion. [125].

subject to challenge under *Daubert*. As the District Court in the Eastern District of Louisiana explained, "Although the Fifth Circuit has not opined directly on this issue, it has on numerous occasions considered *Daubert* challenges to non-retained experts without first assessing whether *Daubert*'s requirements concerning qualifications, reliability or methodology apply to experts who were not specifically retained for the purposes of litigation."[6] *See Tajonera*, 2016 WL 3180776, at *7. The Louisiana district court also relied upon a then recent Seventh Circuit case that explained that "'[t]reating physicians are no different than any other expert for purposes of Rule 702; before proffering expert testimony, they must withstand *Daubert* scrutiny like everyone else.'" *Id*. (quoting *Higgins v. Koch Dev. Corp*., 794 F.3d 697, 704 (7th Cir. 2015), which had cited to *O'Conner v. Commonwealth Edison Co*., 13 F.3d 1090, 1105 n. 14 (7th Cir.1994)). Finding that Dr. Goel is indeed subject to such scrutiny, we turn to Defendants' arguments.

### B. Legal Standard for Expert Witness Testimony

The admission or exclusion of expert witness testimony is a matter that is left to the discretion of the district court. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *see Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009), cert. denied, 130 S. Ct. 1892 (2010); *Nano-Proprietary, Inc. v. Canon, Inc*., 537 F.3d 394, 399 (5th Cir. 2008). Pursuant to Rule 702 of the Federal Rules of Evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

[6] The court cited *Pipitone v. Biomatrix, Inc*., 288 F.3d 239, 245 (5th Cir. 2002) (concluding that a treating physician's opinion regarding causation was irrelevant under *Daubert* because doctor's opinion was "perfectly equivocal"); *Seymore v. Penn Mar. Inc*., 281 Fed. App'x. 300, 301 (5th Cir. 2008) (affirming a district court's decision to admit a treating physician's testimony on basis that doctor's testimony was not unreliable under *Daubert*); *Kallassy v. Cirrus Design Corp*., 265 Fed. Appx. 165, 166 (5th Cir. 2008) (affirming district court's decision to strike treating physician's testimony regarding causation on basis that it was unreliable under *Daubert*).

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *accord Kumho Tire Co.*, 526 U.S. at 152; *Daubert*, 509 U.S. at 588. Prior to admitting expert testimony, "[d]istrict courts must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999); accord Fed. R. Evid. 702. Accordingly, "[t]o qualify as an expert, the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (internal quotations omitted).

The trial court possesses considerable flexibility in assessing the reliability of expert testimony. *Kumho Tire Co.,* 526 U.S. at 141; *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010), cert. denied, 131 S. Ct. 285 (2010). Given the diverse contexts in which expert testimony is offered, the application of specific factors may not be appropriate in any individual case. *Stolt Achievement, Ltd. v. Dredge B.E. Lindholm*, 447 F. 3d 360, 366 (5th Cir. 2006) (citing *Kumho Tire Co.*, 526 U.S. at 147-49). The overarching goal "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152; *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010).

### C. Analysis of the Admissibility of Dr. Goel's Opinion.

Defendants seek to exclude the opinions of Dr. Goel with as to any neurologic and orthopedic conditions, including causation of same, and specifically with regard to the 20-pound weightlifting restriction placed on Plaintiff as a result of these conditions. [85] at pp. 6- 9. Defendants argue he is not qualified to render such opinions and his opinions are not reliable. Plaintiff has not responded to the substance of these arguments; however, to the extent the court's role is that of a gatekeeper, the Court must ensure that only reliable and relevant expert testimony is presented to the jury. *United States v. John*, 597 F.3d 263, 274 (5th Cir. 2010).

### 1. Qualifications of Dr. Goel

Whether an individual is qualified to testify as an expert is a question of law. *Mathis,* 302 F.3d at 459 (citing Fed. R. Evid. 104(a)). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods,* 163 F.3d 935, 937 (5th Cir.1999). Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility. *See Daubert,* 509 U.S. at 596. ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *Holbrook v. Lykes Bros. S.S. Co., Inc.,* 80 F.3d 777, 782 (3d Cir.1996) (reasoning that "most arguments about an expert's qualifications relate more to the weight to be given the expert's testimony than to its admissibility").

Here, Defendants argue that because Dr. Goel is only a general practitioner, he is not qualified to render any opinion as to any neurologic or orthopedic conditions of the Plaintiff caused by the subject accident, including assigning him a weight-lifting restriction of 20 pounds due to the same. The Court finds that exclusion of general categories of testimony is not appropriate, but will allow objections at trial if there are indeed particular opinions that the Defendants feel Dr. Goel is not qualified to offer. As for the one specific opinion sought to be excluded, that of the 20-pound weight restriction which appears to be the gravamen of Defendants' motion, the Court will focus on that particular testimony.

Defendants rely on the case of *Bailey Lumber Supply Co*., 989 So. 3d 986 (Miss. 2012), wherein the Mississippi Supreme Court held that a general practitioner was not qualified to offer an opinion as to the need for hip-replacement surgery as a result of a fall. The Court finds that opining as to a general weight restriction and opining as to the need for a hip replacement are not sufficiently analogous for the case to lend any support here. Likewise, Defendants reliance on a previous case in which Dr. Goel's testimony was disallowed is also not analogous. Defendants categorize the testimony as discussing an orthopedic injury, but the issue was really the cost of an orthopedic surgery that was at issue. In *City of Jackson v. Spann*, when asked about the cost to surgically repair a meniscus tear, Dr. Goel testified: "I would guess around $20,000. I don't know for sure." 4 So. 3d 1029, 1038-39 (Miss. 2009). The court found that because Dr. Goel had not practiced surgery in over 8 years, his opinion was not reliable to support an award of damages for future medical expenses. That too, is quite different than an opinion about a weightlifting restriction.

Defendants have not established, through caselaw or otherwise, that an opinion regarding Plaintiff being restricted to lifting 20 pounds requires any sort of specialized knowledge in orthopedics, let alone neurology. Dr. Goel's education and experience are likely sufficient to make such a determination. He has been practicing medicine for 43 years, specializes in soft tissue injury, and sees patients on a regular basis. Thus, the Court finds that Dr. Goel is sufficiently qualified to testify about a weight restriction. As the Supreme Court has admonished, "Rule 702 [does not create] a schematism that segregates expertise by type while mapping certain kinds of questions to certain kinds of experts. Life and the legal cases that it generates are too complex to warrant so definitive a match." *Kumho Tire, Co*. 526 U.S. at 151. Thus, the fact that Dr. Goel does not specialize in orthopedics or neurology is not determinative. The Court finds that he is qualified by his experience to testify as an expert as to a weightlifting restriction.

## 2. The reliability of Dr. Goel's opinion

Defendants also move to exclude Dr. Goel's testimony on the ground that his opinion as to the weightlifting restriction is nothing "more than speculative belief and unsupported speculation." [85] at p. 8 (quoting *Queen v. W.I.C., Inc*., No. 14-cv-519, 2017 WL 3872180 (S.D. Ill. Sept. 5, 2017).[7] Defendants contend that Dr. Goel's opinions have not been validated and that he bases his opinions solely on what the Plaintiff told him. [85] at p. 8. Even though the Fifth Circuit has noted that a patient's oral history is "generally considered reliable,"[8] it does not appear that the oral is history is all that Dr. Goel relied upon. Dr. Goel testified that in the first visit he took all of the Plaintiff's history [84-5] 9:18-11:4; in the second visit he ordered MRIs

---

[7] Defendants attached copies of cases, citing to the Federal Rules of Appellate Procedure, which are not applicable in the district courts such as this—only in the United States courts of appeals. *See* Fed. R. App. Pro. 1(a)(1).

[8] *See Viterbo*, 826 F. 2d at 423.

which the Plaintiff underwent [84-5] 18:6-19:3; and wrote the letter containing the opinion regarding weightlifting limitations after Plaintiff's last visit [85-5] 9:12-17. There is no mention of the weightlifting restriction prior to the document titled "Expert Letter." Thus, in so far as the weightlifting restriction is concerned, it does not appear to be based solely on what the Plaintiff told him because he discusses his review of the MRIs. [84-5] 19:15-23.

Defendants complain that Dr. Goel did not review any medical records, he did not speak to any of Plaintiff's treating physicians, and he did not speak to any of Plaintiff's family members. [95] at p. 8. If Dr. Goel is indeed a treating physician, he would not be required to do such things. Even if he were a retained, testifying expert, such complaints go to the weight, not the admissibility of the opinion, as they are focused primarily on the sources utilized by Dr. Goel. *See United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) ("As a general rule, question relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."); *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987) (same).

In some cases, however, the source may be of such little weight that it would not assist the trier of fact and should be omitted. *See Viterbo*, 826 F.2d at 422. This Court cannot say that a patient's oral history and MRIs are sources that are of such little weight as to render a treating physician's opinion wholly unreliable. While Dr. Goel's sources may not have been exhaustive, *Daubert* requires only that experts use reliable, rather than optimal or flawless, methodology. *See Knight v. Kirby Inland Marine, Inc.,* 482 F.3d 37, 354-355 (5th Cir. 2007). Given that any weakness in Dr. Goel's reaching his opinion can be explored by Defendants on cross examination at trial, it would not be appropriate for the Court to predetermine the weight of his

opinion at this point in the proceedings. *See Dearmond v. Wal-Mart La. LLC*, 335 Fed. App'x. 442, 444 (5th Cir. 2009) ("Cross-examination at trial . . . is the proper forum for discrediting testimony, and credibility determinations are, of course, the province of [the fact finder]."). Accordingly, while the motion is denied, all aspects of cross examination going to weight and bias and the like are available at trial.

**III. CONCLUSION**

Based on the foregoing analysis, the Court concludes that Dr. Goel is a qualified expert and his opinion regarding the weightlifting restriction is sufficiently reliable to assist the fact-finder when considering the Plaintiff's limitations. Therefore, Defendants' Motion to Exclude Expert Opinions of Dr. Dinesh Goel [84] is hereby DENIED.

DONE AND ORDERED this 10th day of September 2019.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE