# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**RAMSAY CLARK,**

    **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 2:18-cv-00109-KS-MTP**

**LARD OIL COMPANY, INC.**
**and ACM TRANSPORTATION, LLC**
**and JOHN DOES 1-10,**

    **DEFENDANTS.**

_____ /

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on the Motion to Exclude Expert Opinions of Bruce Brawner [86] filed by Defendants, Lard Oil Company, Inc. and ACM Transportation, LLC, wherein Defendants argue that Brawner's opinions should be excluded pursuant to Federal Rule of Evidence 702 and the standard for the admissibility of expert testimony articulated in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Plaintiff has filed an Amended Response [124], and Defendants replied [126]. Having reviewed the parties' submissions, the relevant legal authority, and otherwise being fully advised in the premises, the Court finds the motion will be denied.

## I. BACKGROUND

This action arises out of a June 6, 2016 automobile accident involving a tanker truck driven by an employee of ACM Transportation who caused a four-car pileup on Old Highway 11 in Hattiesburg, Mississippi. Plaintiff allegedly suffered multiple injuries as a result of the accident. Liability has been conceded, and thus, the only issue remaining is damages. Dr. Dinesh Goel was retained to make an examination of Plaintiff before suit was filed in order to treat, if

necessary, or otherwise to make a report on the condition of the Plaintiff for settlement purposes. [98] at p. 1. Dr. Goel saw Plaintiff on three occasions: September 18, 2017, November 9, 2017; and November 30, 2017. [84-5] 9:18-19; 17:14-16; 9:6-17. Upon the final visit, Dr. Goel drafted a document dated September 30, 2017 titled Follow Up Visit/Expert letter, in which states, among other things, that "Patient [Plaintiff] is advised not to lift more than 20 pounds because he has multiple herniated disc [sic] in the neck and bulging discs with pain in the lower back and if he does the discs will herniate further and it will get worse." [85-5] 9:12-17; [84-1] at p. 2.

In support of his damages claim, Plaintiff retained Dr. Bruce Brawner to provide opinions and reports in the following three areas: future employability (Vocational Rehabilitation Evaluation [86-3]), loss of household services (Vocational Evaluation of Household Services [86-8]); and cost of future medical services (Medical Cost Analysis [86-9]). Dr. Brawner utilized the medical evaluations of Dr. Goel, a Dr. David Lee, and a Dr. Howard Katz, which included Dr. Goel's opinion regarding the 20-pound weightlifting restriction, to come up with three alternative scenarios when opining about future employment and lost wages and loss of household services. [84-2] at pp. 2, 6, 8. Defendants now seek to preclude Brawner's testimony in several areas that will be discussed below.

## II. DISCUSSION

### A. Legal Standard for Expert Witness Testimony

The admission or exclusion of expert witness testimony is a matter that is left to the discretion of the district court. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *see Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009), cert. denied, 130 S. Ct. 1892 (2010); *Nano-Proprietary, Inc. v. Canon, Inc.*, 537 F.3d 394, 399 (5th Cir. 2008). Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

*Accord Kumho Tire Co.*, 526 U.S. at 152; *Daubert*, 509 U.S. at 588.

Defendants contend that portions of Brawner's testimony/opinions should be excluded because they are not reliable. In order for an expert opinion to be admissible under Rule 702, it must be reliable. Federal Rule of Evidence 703 sets forth what experts may use as bases to form a reliable opinion. Rule 703 states:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

The trial court possesses considerable flexibility in assessing the reliability of expert testimony. *Kumho Tire Co.,* 526 U.S. at 141; *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010), cert. denied, 131 S. Ct. 285 (2010). Given the diverse contexts in which expert testimony is offered, the application of specific factors may not be appropriate in any individual case. *Stolt Achievement, Ltd. v. Dredge B.E. Lindholm*, 447 F. 3d 360, 366 (5th Cir. 2006) (citing *Kumho Tire Co.*, 526 U.S. at 147-49).

B.  **Opinions Regarding Future Employment and Lost Wages**

   **1. Reliance on Dr. Goel's Opinion**

In this Motion, Defendants argue that Brawner's testimony should be excluded as unreliable because he used Dr. Goel's opinions as a bases and those opinions are unreliable. The Court has denied Defendants' separate motion that sought to exclude the testimony of Dr. Dinesh Goel as also being unreliable. Because Dr. Goel will be allowed to testify, any argument relating to his opinions being legally unreliable are moot. Dr. Goel's opinion as well as Brawner's will both be fodder for rigorous cross examination. *See Dearmond v. Wal-Mart La. LLC*, 335 Fed. App'x. 442, 444 (5th Cir. 2009) ("Cross-examination at trial . . . is the proper forum for discrediting testimony, and credibility determinations are, of course, the province of [the fact finder].").

In addition, Brawner did not rely exclusively on Dr. Goel's opinion. Rather he has also relied on two others' assessments, Dr. Lee and Dr. Katz, to essentially provide a "choice" of three separate scenarios, which the Plaintiff will offer alternatively. Brawner has not endorsed one over the other. Ultimately, the jury must determine which scenario it finds the most believable/reliable. [125] at p. 5. To the extent Defendants believes any of these scenarios should not be relied upon by the jury, that will be the product of arguing the weight to be given to any of the scenarios as well as Brawner's ultimate opinions. *See United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) ("As a general rule, question relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."); *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987) (same).

Furthermore, even if Dr. Goel's weightlifting opinion had been rendered inadmissible, the relevant inquiry would fall under Federal Rule of Evidence 703, because as noted above, an

4

expert may rely on any evidence, even that which is otherwise inadmissible, "if experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." There was no argument in this regard to preclude Brawner's opinion. For all these reasons, Defendants' request to exclude Brawner's testimony regarding future employment and lost wages because it relied on Dr. Goel's opinions is denied.

### 2. The 15% Loss in Earning Capacity

Defendants next argue that with regard to wage-earning capacity, Brawner's opinion that Plaintiff will incur a 15% loss of earnings capacity based on Plaintiff telling him that he had to get an assistant to help him with job duties and 15% of his commission is paid to the assistant. Defendants fault Brawner for relying solely on the testimony of Plaintiff and for not speaking to the employer or review any commission statements and did not facto in that Plaintiff was not paid solely via commission but has a base salary of around $40,000. Defendants point to the testimony of the 30(b)(6) deposition of Plaintiff's employer who testified that the reason the assistant was hired was to assist Plaintiff in making his sales business run more efficiently and not as an accommodation. These are all factual issues. Plaintiff does not concede to Defendants' version of these facts. [125] at p. 8. Experts are not the ultimate fact-finders in a case; they are allowed to make assumptions, such as assuming Plaintiff's version of events is true. *Cf. Hargrave v. Blake Drilling & Workover Co., In*c., No. 07-985, 2008 WL 2625524, at *3 (E.D. La. Feb. 12, 2008) (concluding that a party's objections to expert's use of assumptions in his calculations attacked the credibility rather than the admissibility of expert's testimony). To the extent certain assumptions turn out to be incorrect, an expert's opinion can change. Just as Brawner did in his reports, experts often provide a disclaimer, such as "I reserve the right to supplement the opinions expressed in this report should additional information become

5

available." (cite). To the extent the jury finds the underlying facts are not as Brawner assumed them, again, that would go to the weight to be afforded his opinions not their admissibility.

The Court recognizes that in some cases, the sources used may be of such little weight that it would not assist the trier of fact and should be omitted. *See Viterbo*, 826 F.2d at 422. However, that is not the case here. Brawner reviewed numerous documents and medical records in addition to interviewing the Plaintiff, and again the discrepancy in the underlying facts will be up to the factfinder to sort out and the weight to then afford the opinion. Therefore, Defendants' request to exclude that portion of Brawner's opinion relating to the 15% reduction in earning capacity is also denied.

### C. Opinions Regarding Loss of Household Services

Next Defendants take issue with Brawner's opinion that Plaintiff has lost the ability to perform usual household services as a result of the accident and the fact that he bases this opinion on the same three physician opinions regarding Plaintiff's residual functional capacity. [87] at p. 8. To the extent Defendants complain about Brawner's use of Dr. Goel's opinions, the motion is denied.

Defendants go on and assert that even with regard to the assessments of Dr. Lee and Dr. Katz, those should all be excluded because the method employed does not meet the *Daubert* standard. Defendants complain that Brawner did not ask enough questions of Plaintiff with regard to his activities. Plaintiff points to Brawner's deposition testimony where he did. [87] at p. 8; [125] at p. 9. Additionally, Defendants argue that Brawner's analysis and methodology are flawed because he used the "medically documented restrictions" from Dr. Goel, Dr. Lee, and Dr. Katz, yet testified that there is no correlation between AMA impairment ratings and loss of household services. [87] at pp. 8-9. Defendants point to testimony wherein Brawner testified that

his "evaluation of what [Plaintiff] has lost is not based on what he's telling me. It's based on the three scenarios from the [] physicians that have offered opinions in this case."

Plaintiff argues that the functional limitations expressed in medical records are not the same as an AMA impairment rating and that Brawner explained such in his deposition. [125] at p. 10. Brawner testified that "a medical impairment rating is something totally different than functional abilities." [100-3] 21:11-12. Thus, an AMA impairment rating may very well be inapplicable to household services evaluations, but he did not use that. Brawner instead used the physician's functional limitations. Whether Brawner used the physician's functional limitations or an AMA impairment rating, as Plaintiff points out, Defendants cites no legal authority for its argument. Defendants have not shown that Fifth Circuit authority disallows either methodology. Therefore, once again, the Court finds these objections go to the weight and not the admissibility of the testimony and Defendants' request to exclude Brawner's testimony regarding loss of household services is denied.

**D. Opinions Regarding Future Medical Costs**

With regard to Brawner's opinion, Defendants take issue with Brawner relying solely on Dr. Katz's evaluation and the fact that he did not do more—such as consult with other doctors or confirm that Plaintiff was seeking out the care for which future costs were projected. Defendants argue Brawner used incomplete information resulting in unreliable methodology in that it was not validated by the all of the medical information at his disposal. They do not argue that Dr. Katz's assessment is not itself reliable. Again, Defendants cite to no authority that an expert must use all of the medical information at his disposal. In addition, "courts have found no basis for exclusion when experts were challenged for failing to take into account certain data." *Fos v. Wal-Mart Store East, LP*, No. 3:12-cv-735, 2015 WL 11117924, at *2 (S.D. Miss. June 2,

2015). While Brawner's sources may not have been exhaustive, *Daubert* requires only that experts use reliable, rather than optimal or flawless, methodology. *See Knight v. Kirby Inland Marine, Inc.,* 482 F.3d 37, 354-355 (5th Cir. 2007). Given that any weakness in Brawner's reaching his opinion can be explored by Defendants on cross examination at trial, it would not be appropriate for the Court to predetermine the weight of his opinion at this point in the proceedings. *See Dearmond v. Wal-Mart La. LLC*, 335 Fed. App'x. 442, 444 (5th Cir. 2009) ("Cross-examination at trial . . . is the proper forum for discrediting testimony, and credibility determinations are, of course, the province of [the fact finder].").[1]

## III. CONCLUSION

There is no argument that Dr. Brawner is not qualified to render his opinions in this case. Based on the foregoing analysis, because the Court has ruled that Dr. Goel may testify as to the 20-pound weight lifting restriction and because the remainder of Defendants' arguments go to the weight and not the admissibility of Dr. Brawner's opinions, Defendants' Motion to Exclude Expert Opinions of Bruce Brawner [86] is hereby DENIED.

DONE AND ORDERED this 11th day of September 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[1] In their Reply, Defendants claim that Plaintiff spends its time arguing the facts. [126] at p. 7. However, it is precisely because it is not the role of this Court to determine which facts to be believe, but rather the jury's, that Defendants' arguments go to the weight and not the admissibility. Defendants are free to make all of these arguments to the jury as to why jurors should not find Brawner's opinions credible, but that does not make them inadmissible.