IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RAMSAY CLARK                                                    PLAINTIFF

LIBERTY MUTUAL INSURANCE COMPANY                      INTERVENOR

VS.                              CIVIL ACTION NO. 2:18-cv-00109-KS-MTP

LARD OIL COMPANY, INC.
and ACM TRANSPORTATION, LLC
and JOHN DOES 1-10                                            DEFENDANTS

## <u>ORDER GRANTING MOTION TO APPROVE THIRD-PARTY SETTLEMENT</u>

THIS CAUSE came to be heard on the sworn Petition of the Plaintiff, Ramsay Clark, having been joined by the workers' compensation statutory lienholder, Liberty Mutual Insurance Company; and Lard Oil Company, Inc., and ACM Transportation, LLC, Defendants herein, pursuant to MISS. CODE ANN. § 71-3-71, *et seq.*, and the Court, having fully investigated this matter, finds and adjudicates, as follows:

I.

This cause arises out of an automobile accident that occurred on or about July 6, 2016, in Hattiesburg, Lamar County, Mississippi, wherein Plaintiff was rear-ended by a truck driven by Darrell Extine, a then-employee of Defendant ACM Transportation, LLC. ACM Transportation owned the subject truck, and Defendant Lard Oil Company, Inc., was the sole owner of ACM Transportation. At the time of the accident, Plaintiff was in the course and scope of his employment with Builders FirstSource.

II.

At the time of the accident, Builders FirstSource carried workers' compensation insurance through Liberty Mutual Insurance Company. Liberty Mutual made payments to and on behalf of

Plaintiff pursuant to the Mississippi Workers' Compensation Act and has asserted its statutory lien pursuant to MISS. CODE ANN. § 71-3-71, *et seq.*, in the amount of Thirty-One Thousand One Hundred Sixty-Seven and 45/100 Dollars ($31,167.45).

III.

Plaintiff contends herein, and would represent, that he is entitled to receive compensation from the Defendants for his personal injuries due to the negligence of said Defendants; however, the claim is denied and disputed by the Defendants. Further, in any event, the extent of Plaintiff's entitlement to damages, if any, as a result of the alleged accident, is not capable of exact determination.

IV.

Plaintiff has agreed to accept from the Defendants and their insurer the sum of Two-Hundred Thousand and 00/100 Dollars ($200,000.00) in full and final settlement of all claims. Attorneys Bruce L. Barker and Nathan Elmore will receive reasonable attorney's fees, costs, and expenses in accordance with their contract in the amount of One-Hundred Fourteen Three-Hundred and Nine Thousand and 88/100 Dollars ($114,309.68).[1] Subject to the approval of this Court, Liberty Mutual, by way of compromise and for the purpose of settlement, has agreed to waive its statutory lien for benefits and expenses heretofore paid to or for the benefit of the Plaintiff in exchange for a full and final settlement of Plaintiff's claims pursuant to MISS. CODE ANN. § 71-3-71, *et seq.* Plaintiff and Liberty Mutual, collectively, have agreed to dismiss with prejudice Civil Action No. 2:18-cv-00109-KS-MTP, styled *Ramsay Clark v. Lard Oil Company, Inc., and ACM Transportation, LLC, and John Does 1-10*, with each party to bear their respective costs.

---

[1] Of that total, attorneys Bruce L. Barker and Nathan Elmore will receive $80,000.00 in attorney's fees and $34,309.68 in expenses.

## V.

The payments described herein above shall not in any manner be construed as an admission of liability on the part of Lard Oil Company, Inc., and ACM Transportation, LLC. Rather, the payments constitute a compromise and settlement and accord and satisfaction of the Plaintiff's disputed claims against the Defendants and Liberty Mutual's claims against the Defendants, as workers' compensation carrier of Builders FirstSource and workers' compensation statutory lien holder.

## VI.

Plaintiff represents that it would be in his best interest if the compromise settlement with Lard Oil Company, Inc., and ACM Transportation, LLC, as detailed herein, be approved and concluded, it being understood and provided that payment of each sum described above effects a full and complete release and compromise settlement of any and all claims and demands whatsoever, on account of, or arising out of, the injuries alleged herein by Plaintiff against Lard Oil Company, Inc., and ACM Transportation, LLC, and their agents, servants, employees, representatives, insurers, predecessors, successors, subsidiaries, and any other parties in privity with them or any of them, including claims for any and all medical expenses and other items of expense, past, present or future, including claims of the carrier and statutory lienholder herein, Liberty Mutual Insurance Company, for reimbursement and exoneration, as well as any other subrogation right of Liberty Mutual against Lard Oil Company, Inc., and ACM Transportation, LLC. All parties represent that the nature of the dispute in this case is such that this Court has authority to consider this settlement pursuant to the provisions of Section 71-3-71 of the Mississippi Code, as amended, as well as any other applicable statutes. MISS. CODE ANN. § 71-3-71.

VII.

Plaintiff has agreed to execute all appropriate documents, including a Release, so that Lard Oil Company, Inc., and ACM Transportation, LLC, as well as Builders FirstSource and its workers' compensation carrier, Liberty Mutual Insurance Company, shall be fully absolved of all future liability as a result of the subject automobile accident that occurred on or about July 6, 2016. Liberty Mutual Insurance Company has likewise agreed to execute all appropriate documents, including a Release, so that Lard Oil Company, Inc., and ACM Transportation, LLC, shall be fully absolved of all future liability as a result of the subject automobile accident that occurred on or about July 6, 2016.

IT IS ORDERED that this Court authorizes and approves the settlement as proposed, and that upon payment of the sum of Two-Hundred Thousand and 00/100 Dollars ($200,000.00) to Plaintiff as set out herein, any and all claims of the Plaintiff against the Defendants, and their insurers, be fully and finally released and discharged; that any and all claims of the employer and carrier against the Defendants and their insurers be fully and finally released and discharged; and that the employer and workers' compensation carrier be finally exonerated from further liability to the Plaintiff pursuant to the Workers' Compensation Laws of Mississippi.

IT IS FURTHER ORDERED that the statutory lienholder herein, Liberty Mutual Insurance Company, in exchange for waiver of its statutory lien for benefits and expenses heretofore paid to or for the benefit of the Plaintiff, shall have a complete compromise and settlement of any and all claims of the Plaintiff under the Mississippi Workers' Compensation Act, or otherwise, past present or future, known or unknown, against Builders FirstSource and Liberty Mutual Insurance Company, with that claim before the Mississippi Workers' Compensation Commission to be dismissed with prejudice.

SO ORDERED, this the 25th day of October, 2019.

s/Keith Starrett

HONORABLE KEITH STARRET
UNITED STATES DISTRICT JUDGE

AGREED AND APPROVED:

*S/Bruce L. Barker*
ATTORNEY FOR PLAINTIFF

*S/Edward C. Taylor*
ATTORNEY FOR DEFENDANTS

*S/A. Thomas Tucker, III*
ATTORNEY FOR INTERVENOR

Prepared by:

EDWARD C. TAYLOR - BAR #9043
etaylor@danielcoker.com
KATIE R. VAN CAMP - BAR #104834
kvancamp@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
1712 15TH STREET, SUITE 400
POST OFFICE BOX 416
GULFPORT, MS 39502-0416
TELEPHONE: (228) 864-8117
FACSIMILE: (228) 864-6331
F82-135052